UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES GLAZIERS LOCAL UNION 387, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES GLAZIERS LOCAL UNION 387 PENSION FUND, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES GLAZIERS LOCAL UNION 387 SOUTHERN OHIO HEALTH AND WELFARE FUND, and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES GLAZIERS LOCAL UNION 387 JOINT APPRENTICESHIP AND TRAINING COMMITTEE | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| VS. | ) CAUSE NO. 4:12-cv-0002-RLM-APR |
| ASI LIMITED | )<br>)<br>) |

## AMENDED COMPLAINT

Plaintiffs, for their Amended Complaint against the Defendant, ASI Limited, state the following facts:

1. This is an action brought pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185, and also Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132, to compel defendant to comply with the aforesaid Acts and the payments required under its Collective Bargaining Agreement.

2. Pursuant to said Acts, this Court has jurisdiction over the subject matter of this action and the parties hereto without regard to the amount in controversy or the citizenship of the parties.

3. Plaintiff, Trustees of the Indiana State Council of Roofers Health and Welfare Fund, hereinafter called the "Welfare Plan", is a multi-employer employee benefit plan established and existing under the laws of the United States, and subject to the Employee Retirement Income Security Act of 1974 and may sue and be sued in its own name.  It provides health, welfare and other benefits for employees of employers who contribute into said Plan pursuant to the requirements contained in the aforesaid Collective Bargaining Agreement between such employers and the Union.

4. Plaintiff, the Trustees of said Welfare Plan, are the Trustees of the Welfare Plan and have ultimate responsibility and control over the administration of the Welfare Plan.

5. Plaintiff, International Union of Painters and Allied Trades Glaziers Local 387, is an unincorporated association which has a Collective Bargaining Agreement with the Defendant.

6. Plaintiff, International Union of Painters and Allied Trades Glaziers Local 387 Pension Fund, is a jointly administered Taft-Hartley fund which is authorized to collect contributions pursuant to the Collective Bargaining Agreement between the Union and the Defendant.

7. Plaintiff, International Union of Painters and Allied Trades Glaziers Local 387 Southern Ohio Health and Welfare Fund, is a jointly administered Taft-Hartley fund which is authorized to collect contributions pursuant to the Collective Bargaining Agreement between the Union and the Defendant.

8. Plaintiff, International Union of Painters and Allied Trades Glaziers Local 387 Joint Apprenticeship and Training Committee, is a jointly administered Taft-Hartley

fund which is authorized to collect contributions pursuant to the Collective Bargaining Agreement between the Union and the Defendant.

9. The Defendant, ASI Limited, is a corporation, which at all times material herein was engaged in contracting business in the State of Indiana and other locations.

10. The Plaintiff, Trustees of the Indiana State Council of Roofers Health and Welfare Fund, has its principal place of business in Lafayette, Indiana and is the administrator for the collection of all funds required under the Collective Bargaining Agreement for the Health and Welfare Fund.

11. The breaches of the aforesaid contract and Plans occurred in the Northern District of Indiana and therefore the proper venue is in this District by virtue of 29 U.S.C. §1132(e)(2).

12. The purpose of this action is to protect the interest of the employees for whom said benefits were established.

13. The Defendant signed an Agreement and contracted and agreed to be bound by, and become a party to, a Collective Bargaining Agreements on or about September 2, 2009.

14. By virtue of said Collective Bargaining Agreements, the Defendant agreed to make all payments called for therein for the health and welfare fund and agreed to make payments to the other plaintiffs for work as well.

15. Beginning in November, 2011, the Defendant breached the Collective Bargaining Agreements and Trust Agreements between the Defendant and the Plaintiffs.

16. By the terms of said Agreements, Defendant agreed to make contributions and payments on behalf of the employees of the Defendant covered by said Collective Bargaining Agreements.

17. Defendant breached said Agreements in that it failed to make the necessary deductions and payments called for and set out in the aforesaid Agreements, to the Plaintiffs.

18. In order to compel Defendant to comply with the aforesaid acts, the terms and provisions of the aforesaid Fund, and the aforesaid Collective Bargaining Agreements, Plaintiff employed Berger and Berger as attorneys to bring this suit; said attorneys have performed services and incurred expenses in so doing and will be required to perform further services and incur further expenses in prosecuting this action to judgment.  ERISA specifically authorizes the recovery of costs and attorney fees.  29 U.S.C. §1132(g)(2).

19. Said breaches of contract by the Defendant have caused Plaintiffs, and the employees on whose behalf the Plaintiffs bring this action, substantial damages, including attorney fees, and are continuing and will cause substantial damages to them in the future.

**WHEREFORE,** Plaintiffs, request that they be awarded whatever damages, including attorney fees, which will compensate them for the Defendant's breaches of contract, that the Defendant be ordered to comply with said contracts and pay the amounts provided for in said contracts to Plaintiffs, and all other proper remedies, legal and equitable, plus interest and costs.

        Respectfully Submitted,

        s/Charles L. Berger, Esq.
        CHARLES L. BERGER
        A Member of the Firm of
        BERGER AND BERGER
        313 Main Street
        Evansville, Indiana  47708
        Telephone:  (812) 425-8101
        cberger@bergerlaw.com
        Attorney No. 2698-82

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 27th day of February 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. For those parties who do not have access to the Court's electronic filing system, a copy of the foregoing document has been served via the United States Postal Service.

  William J. Tucker
  Tuckers, Hester, LLC
  429 North Pennsylvania Street
  Indianapolis, Indiana 46204-1816

        s/ Charles L. Berger, Esq.
        Charles L. Berger